# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Alveto Rivera, | Civ. No. 25-4517 (JWB/SGE) |
| Plaintiff, | |
| v. | |
| Evelyn Flesvig, Charles S. Fai, Philip W. Olson, and Anabelle Ochoa, *in their individual capacities and in their official capacities*, | **ORDER** |
| Defendants. | |

United States Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") on December 19, 2025, recommending dismissal of Plaintiff's Complaint without prejudice and denial of his application to proceed in forma pauperis as moot. (Doc. No. 5.) Plaintiff filed objections to the R&R on January 5, 2026. (Doc. No. 6.)

When a party objects to an R&R, those portions to which specific objections are made are reviewed de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). The Court may accept, reject, or modify the recommended disposition. Although Plaintiff proceeds pro se and his objections are construed liberally, they must still identify a legal or factual basis to disturb the recommendation.

This Court has conducted a de novo review of the record, including the Complaint, the R&R, and Plaintiff's objections. Even affording Plaintiff the benefit of liberal

construction, the objections do not alter the analysis. The Complaint fails, as a matter of law, to state a viable federal claim.

First, Plaintiff's claims for monetary relief against Defendants in their official capacities are barred. The Defendants are employees of Direct Care and Treatment ("DCT"), a state agency. Claims against them in their official capacities are therefore claims against the State of Minnesota. The State has not waived its immunity for § 1983 damages actions, and § 1983 does not abrogate that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989). Because there has been no waiver, Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment.

Second, Plaintiff fails to state a procedural due process claim because he has not alleged the deprivation of a protected liberty interest. Plaintiff's theory centers on his transfer within the Minnesota Sex Offender Program from Moose Lake to St. Peter and the alleged loss of treatment progress. Generally, there is no liberty interest that attaches to a person's place of confinement when they have not pled a drastic departure from the ordinary living conditions at a secure facility. *See Flores v. Moser*, No. 16-cv-1860 (ADM/KMM), 2019 WL 2016789, at *7 (D. Minn. Jan. 7, 2019).

Here, the Complaint alleges only a transfer between facilities within MSOP and a reset in treatment progression. It does not allege materially different conditions of confinement, additional physical restraints, or any comparable hardship. Nor does it plausibly allege that Plaintiff had a right to be placed at a particular MSOP facility or

2

treatment phase. Without a cognizable liberty interest, no procedural due process claim is proper..

Third, Plaintiff's substantive due process claim fails. Substantive due process is reserved for conduct that is so egregious as to "shock the conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998). Plaintiff alleges that Defendants misled him about the purpose of a neuropsychological test and used the results in connection with a transfer decision. Even accepting those allegations as true, they describe, at most, misrepresentation or poor professional judgment in a treatment setting—not the type of brutal, arbitrary, or oppressive conduct required to meet the constitutional threshold. The alleged conduct does not approach the level necessary to state a substantive due process violation.

Finally, neither the Fifth nor Sixth Amendment apply to Plaintiff's alleged circumstances. Plaintiff's reliance on the Fifth Amendment is misplaced because that amendment applies to federal actors, not state officials. Any due process claim against these Defendants arises, if at all, under the Fourteenth Amendment. Likewise, the Sixth Amendment applies only to criminal prosecutions and has no application to Plaintiff's civil commitment or treatment-related claims.

Because all federal claims will be dismissed, this Court declines to exercise supplemental jurisdiction over the state-law claims. *See Wilson v. Miller*, 821 F.3d 963, 970–71 (8th Cir. 2016).

After de novo review, this Court agrees with the Magistrate Judge's ultimate conclusions, though based on its own independent analysis. The R&R is accepted.

3

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Objections to the Report and Recommendation (Doc. No. 6) are

**OVERRULED**;

2.      The Report and Recommendation (Doc. No. 5) is **ACCEPTED**;

3.      Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice; and

4.      Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is

**DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: April 8, 2026                          *s/ Jerry W. Blackwell*
                                             JERRY W. BLACKWELL
                                             United States District Judge

4